IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MIKE SETTLE,

     Petitioner,

v.                                                                        No. 1:24-cv-01060-JDB-jay
                                                                          Re:  1:99-cr-10073-JDB-jay

VINCE VANTRELL,

     Respondent.

---

ORDER TRANSFERRING § 2255 PETITION TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

---

On June 27, 2023, the Petitioner, Mike Settle, Tennessee Department of Correction prisoner number 207584, who is currently serving a state sentence at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se pleading entitled "28 U.S.C. § 2241" (the "Petition") in the United States District Court for the Middle District of Tennessee.  (Docket Entry ("D.E.") 1.)[1]  In an order entered March 18, 2024, District Judge Aleta A. Trauger construed the filing as seeking relief under 28 U.S.C. § 2255 and transferred the matter to this district.  (D.E. 7.)

Pursuant to a judgment entered August 3, 2000, Settle was sentenced to 262 months' imprisonment, to run consecutively to any previous state sentence and to be followed by three years of supervised release, upon a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  (*United States v. Settle*, Case No. 1:99-cr-10073-JDT[2] (W.D.

---

[1]Unless otherwise noted, record citations are to the instant case.

[2]The case was reassigned to the undersigned on May 23, 2022.  (*Settle*, Case No. 1:99-cr-10073-JDT, D.E. 81).

Tenn.), D.E. 36).  He did not file a direct appeal.

On July 3, 2003, this Court docketed a § 2255 petition filed by Settle (*Settle v. United States*, Case No. 1:03-cv-01167-JDT-egb (W.D. Tenn.), D.E. 1), which was denied as untimely in June 2007 (*id.*, D.E. 25).  In February 2008, the Sixth Circuit denied a certificate of appealability. (*Id.*, D.E. 30.)  Over the years that followed, Settle filed multiple applications with the Sixth Circuit for permission to file second or successive § 2255 motions, all of which were denied.  (*See Settle v. Phillips*, Case No. 1:15-cv-01076-JDB-egb (W.D. Tenn.), D.E. 27 (summarizing filings).)

Because it is a second or successive § 2255 petition, this Court may not consider the instant filing in this matter absent prior authorization by the appellate court.  *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Accordingly, the Clerk is hereby ORDERED to transfer the Petition to the United States Court of Appeals for the Sixth Circuit.  The Clerk is further DIRECTED to close this case without entry of judgment.

IT IS SO ORDERED this 17th day of March 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2